UNITED STATES BANKRUPTCY COURT
WESTERN DIVISION OF MICHIGAN
SOUTHERN DIVISION

_____

| | |
|---|---|
| In Re: | Case No.17-00047 |
| ROBIN KRUTEL, | Chapter 7 |
| Debtor. | HON.  JAMES W. BOYD |
| _____/ | |
| KELLEY R. BROWN | Adversary Proceeding No. 17-80052 |
| Plaintiff, | |
| v | |
| ROBIN FROMILLE, f/k/a ROBIN KRUTEL | |
| Defendant. | |
| _____/ | |

### DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM OR FOR A MORE DEFINITE STATEMENT

Defendant Robin Fromille, formerly known as Robin Krutel, through her attorneys Malinowski PLC, files this motion under Fed.R.Civ.P. 12(b)(6) and 12(e), applicable vi Fed.R.Bankr.Pro. 7012(b).  She asks the Court to dismiss the complaint for failure to state a claim upon which relief can be granted.  In the alternative, she moves the Court for an order compelling Plaintiff to make a more definite statement of his claim in accordance with the general rules of pleading.

DISMISSAL FOR FAILURE TO STATE A CLAIM

Rule 12(b)(6) allows a Defendant to file a motion to dismiss when the Plaintiff's complaint fails to state a claim upon which relief can be granted.  This complaint generally alleges fraud by Plaintiff's former romantic partner but fails to state with any particularity just

what she is supposed to have done, how her actions gave rise to damages, what those damages are, or why his claims ought not to be discharged.   It mentions no law or any basis for denying the discharge of his claims and thus should be dismissed for failure to state a claim upon which relief can be granted.

### A MORE DEFINITE STATEMENT

Rule 12(e) gives the Court the power to issue an order directing the Plaintiff to more definitely state his claim when it is so vague or ambiguous that the Defendant cannot reasonably prepare a response.  This complaint does not follow the rules of pleading which require Plaintiff to state his allegations simply, concisely, and directly.  He must make a "short and plain" statement of his claim showing that he is entitled to relief.   Fed.R.Bankr.P. 7008(c)(2).  This complaint has some 20 numbered paragraphs which refer to voluminous exhibits, in total running to nearly 90 pages.   One gets the impression that after 18 months of living together in an unmarried romantic arrangement the Debtor and Plaintiff broke up.   At that point he decided he wanted to be paid for various work done at her house.   There was neither marriage nor contract, nor any reason to complain financially until the breakup.

The complaint is anything but short and plain.  Defendant is left to try to tease out what facts Plaintiff relies upon and which are pertinent or immaterial, what the damages are and why the claims should not be discharged.   Defendant's attorney is put in the position of first having to serve as Plaintiff's counsel to figure out what he is trying to say, then to change sides and defend.  Only after such an exercise could Defendant offer any short and plain statement of her defenses to each asserted claim or to admit or deny specifically alleged facts.  Plaintiff, even without representation, ought not be allowed to shirk his responsibility of clear pleading.   Therefore, if the Court will not dismiss the complaint for failure to state a claim,

then Defendant asks the Court to order Plaintiff to make a more definite statement of his claims as to both specific facts and specific laws, short and plain.

                                                MICHAEL M. MALINOWSKI PLC
                                                Attorneys for the Debtor and Defendant

Date: February 20, 2018            By _____/s/_____
                                                     Michael M. Malinowski (P38400)

                                                Business Address:
                                                    740 Alger Street, S.E.
                                                    Grand Rapids, Michigan 49507
                                                    616.475.4994