UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
_____

In re:

ROBIN L. KRUTEL,

    Debtor.
_____/

Case No. BG 17-00047
Chapter 7

KELLEY R. BROWN,

    Plaintiff,

-vs-

ROBIN THOMAS-KRUTEL,

    Defendant.
_____/

Adversary Proceeding
No. 17-80052

## FIRST PRETRIAL ORDER

A first pretrial conference respecting the above adversary proceeding took place in Grand Rapids, Michigan, on July 19, 2018. Appearing at the pretrial conference were:

Martin L. Rogalski, Esq., attorney for Plaintiff.

Michelle Burns, Esq., attorney for Defendant.

Jurisdiction

Jurisdiction exists pursuant to 28 U.S.C. § 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I) (determinations as to the dischargeability of particular debts).

The Plaintiff and the Defendant consented to this bankruptcy court entering a final order on the record at the pretrial conference.

Issues

1. Does the Debtor-Defendant owe the Plaintiff a nondischargeable debt for fraud under § 523(a)(2)(A)? If so, what is the amount of the debt?

2. Does the Debtor-Defendant owe the Plaintiff a nondischargeable debt for fraud or defalcation in a fiduciary capacity under § 523(a)(4) because the parties undertook the purchase of the house as "partners"? If so, what is the amount of the debt?

3. The Debtor-Defendant denies many of the allegations in the complaint and asserts several affirmative defenses, including statute of limitations, statute of frauds, and lack of intent to defraud.

Pleadings

The Plaintiff requested permission to file an amended complaint to add more specific allegations of fraudulent intent to the § 523(a)(2) claim and to more precisely define the partnership that has been alleged under § 523(a)(4). The court hereby grants this request. The amended complaint shall be filed on or before **August 31, 2018**.

If the Plaintiff timely files his amended complaint, the Defendant shall file an answer to the amended complaint on or before **September 21, 2018**.

In the event that any party desires to file any other amended pleading, such pleading shall only be filed upon stipulation by the other party or pursuant to court order, after filing a motion to amend.

Discovery

Discovery in this adversary proceeding shall remain open until further order of the court. A deadline for the completion of discovery will likely be established at the Second Pretrial Conference.

Discovery Motions

The court will not consider motions related to contested discovery unless, prior to the filing of the motion, the parties have conferred, through direct dialogue and discussion either in person or by telephone, and attempted to resolve their differences in good faith. Any discovery motion filed with the court shall include a statement of compliance with this requirement. The statement must contain sufficient facts to allow the court to evaluate the adequacy of the parties' compliance or noncompliance with the meet and confer requirement. Failure to satisfy the meet and confer requirement and/or failure to include a statement of compliance with the discovery motion may result in denial of the motion.

Settlement and Facilitative Mediation

The court encourages settlement and requires the parties to consider Alternative Dispute Resolution. Specifically, the court encourages the use of a facilitative mediation option pursuant to this court's Administrative Order 2016-1.

The parties shall discuss facilitative mediation prior to the Second Pretrial Conference. If the parties agree to facilitative mediation, both parties shall file a notice of same with the court on or before **October 5, 2018**. Upon receipt of such a notice, the court shall enter a separate order referring the adversary proceeding to the court's Alternative Dispute Resolution Program. The order will likely adjourn the Second Pretrial Conference.

Rule 7026(f) Conference & Discovery Plan

The parties shall meet at least once in person or telephonically prior to the Second Pretrial Conference to discuss: (a) the nature and basis of their claims and defenses; (b) the possibility of a prompt resolution of the adversary proceeding; (c) what additional discovery may be needed and when discovery should be completed; (d) the disclosure and preservation of discoverable evidence, including electronically stored information; and (e) arrangements for providing the disclosures required by Fed. R. Bankr. P. 7026(a)(1).

The parties shall file with the court a report, signed by all parties, outlining the discovery plan by no later than **October 5, 2018**. In accordance with Fed. R. Bankr. P. 7026(b)(1), the scope of discovery provided for in the discovery plan shall be proportional to the needs of the case.

Subsequent Pretrial Conference Date

A second pretrial conference will be held on **October 11, 2018,** at **1:00 p.m.** at the United States Bankruptcy Court, One Division Avenue North, Courtroom B, Grand Rapids, Michigan.

IT IS FURTHER ORDERED that the Clerk shall serve a copy of this Order pursuant to Fed. R. Bankr. P. 9022 and LBR 5005-4 upon:

Martin L. Rogalski, Esq.
Michael M. Malinowski, Esq.

END OF ORDER

**IT IS SO ORDERED.**

Dated July 26, 2018



James W. Boyd
United States Bankruptcy Judge