UNITED STATES BANKRUPTCY COURT
WESTERN DIVISION OF MICHIGAN
SOUTHERN DIVISION

_____

| | |
|---|---|
| In Re: | Case No.17-00047 |
| ROBIN KRUTEL, | Chapter 7 |
| Debtor. | HON.   JAMES W. BOYD |
| _____/ | |
| KELLEY R. BROWN | Adversary Proceeding No. 17-80052 |
| Plaintiff, | |
| v | |
| ROBIN FROMILLE, f/k/a ROBIN KRUTEL | |
| Defendant. | |
| _____/ | |

**DEFENDANTS ANSWER TO PLAINTIFF
KELLEY R. BROWN'S SECOND AMENDED COMPLAINT
AND AFFIRMATIVE DEFENSES**

Defendant Robin Fromille, formerly known as Robin Krutel, through her attorneys Malinowski PLC, answers as follows:

**ANSWER TO SECOND AMENDED COMPLAINT**

1. Admit.

2. Admit.

3. Admit.

4. Admit.

5. Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 5.

6. Deny the allegations in Paragraph 6. Defendant Robin Fromille is residing at 4441 Hillrise Court, Rockford, Michigan 49341.

## COUNT I – FRAUD
## 11 USC 523(a)(2)(A)

7. Admit.

8. Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 8.

9. Upon information and belief, Defendant admits the statement in Paragraph 9.

10. Admit.

11. Admit.

12. Admit that Defendant and her children were living at her marital home; however, her soon-to-be ex-husband was living there with them, as well.

13. Deny the allegations in Paragraph 13 because they are untrue. Defendant was leaving her marital home following the divorce, while her former husband remained in their marital home.

14. Admit that Plaintiff and Defendant were in a romantic relationship, but deny the remaining allegations contained in Paragraph 14.

15. Deny the allegations in Paragraph 15 because they are untrue. Plaintiff never resided with Defendant at her marital home. Defendant resided with her children and soon-to-be ex-husband at that marital home up to and throughout the divorce proceedings. Even after the divorce was finalized, Plaintiff never resided in the marital home with Defendant and her ex-husband.

16. Deny the allegations in Paragraph 16 because they are untrue. Defendant's former husband retained and remained in the marital home and still resides there today.

17. Admit that Defendant may have discussed with Plaintiff that she needed to move out of her marital home, as well as possible houses for her to move into; Defendant does not recall any specific instances, but since Plaintiff and Defendant were in a romantic relationship, Defendant feels it is likely she and Plaintiff had such discussions at the time.

18. Deny the allegations in Paragraph 18 because they are untrue.

19. Admit that Plaintiff had a roommate at the time at his Wyoming residence; however, since Plaintiff never offered to have Defendant live with him, Defendant denies that this—or any other—reason was why she did not move into Plaintiff's Wyoming residence.

20. Deny the allegations in Paragraph 20 because they are untrue.

21. Deny the allegations in Paragraph 21 because they are untrue.

22. Deny the allegations in Paragraph 22 because they are untrue.

23. Deny the allegations in Paragraph 23 because they are untrue.

24. Deny the allegations in Paragraph 24 because they are untrue.

25. Deny the allegations in Paragraph 25 because they are untrue.

26. Deny the allegations in Paragraph 26 because they are untrue.

27. Deny the allegations in Paragraph 27 because they are untrue.

28. Deny the allegations in Paragraph 28 because they are untrue.

29. Deny the allegations in Paragraph 29 because they are untrue.

30. Deny the allegations in Paragraph 30 because they are untrue.

31. Deny the allegations in Paragraph 31 because they are untrue.

32. Admit.

33. Admit.

34. Admit.

35. Deny the allegations in Paragraph 35 because they are untrue. Defendant selected a lot at that address; however, the decision was hers. It was not mutual.

36. Deny the allegations in Paragraph 36 because they are untrue.

37. Admit.

38. Admit

39. Admit.

40. Admit.

41. Admit.

42. Upon information and belief, Defendant admits that she may never have told Plaintiff about the existence of the realtor contract. Defendant does not recall and specific conversations regarding the realtor contract.

43. Upon information and belief, Defendant admits that she may never have told Plaintiff the realtor contract was signed individually. Defendant does not recall and specific conversations regarding the realtor contract. Defendant retained a realtor individually because she intended to purchase the house individually.

44. Deny the allegations in Paragraph 44 because they are untrue. Plaintiff initiated contacted with Ada Mortgage without consulting Defendant.

45. Admit that communications may have taken place, but Defendant denies that she was ever consulted about the joint mortgage application to Ada Mortgage.

46. Admit.

47. Deny the allegations in Paragraph 47 because they are untrue. Defendant was unaware Plaintiff was pursuing other financing.

48. Deny the allegations in Paragraph 48 because they are untrue. Defendant had always intended to use the financing entity recommended by her real estate agents.

49. Deny the allegations in Paragraph 49 because they are untrue. Plaintiff was present for some of the houses Defendant viewed, but not all of them.

50. Deny that Plaintiff was present with Defendant when Defendant first viewed Lot No. 17. Admit that Defendant did purchase Lot No. 17.

51. Deny the allegations in Paragraph 51 because they are untrue.

52. Deny the allegations in Paragraph 52 because they are untrue.

53. Deny the allegations in Paragraph 53 because they are untrue.

54. Admit that Plaintiff had hardwood flooring installed, but Defendant lacks the knowledge or information sufficient to admit or deny the square footage of the flooring gifted to Defendant, and denies the remaining allegations contained in Paragrpah 54.

55. Admit that Plaintiff paid for the hardwood flooring, but did so against Defendant's express wishes. Defendant made it clear to Plaintiff she could not afford hardwood floors prior to moving into the house, so she would not be able to pay him back. With that knowledge, Plaintiff still went ahead and had the floors installed. Since Defendant communicated her inability to, and her desire not to, pay for expense of hardwood floors, Defendant was under the impression the floors were a gift as Plaintiff communicated to her that she did not need to pay him back. Defendant lacks the knowledge and information sufficient to admit or deny why Plaintiff made the gifts to her house, but Defendant denies the allegation that the Installations were

made in anticipation of any mutually agreed-upon ownership of the house in the future.

56. Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 56.

57. Deny the allegations contained in Paragraph 57.

58. Admit.

59. Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 59.

60. Deny the allegations contained in Paragraph 60 to the extent that they imply Defendant fraudulently represented or went behind Plaintiff's back to set up the mortgage loan. Defendant had always intended to purchase the house in her name alone and communicated that fact to Plaintiff throughout this relevant time period. Hence, there was no reason to keep Plaintiff informed of the exitsence any mortgage loan.

61. Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 61.

62. Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 62.

63. Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 63.

64. Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 64.

65. Deny the allegations in Paragraph 65. Plaintiff was not present at the time of closing.

66. Deny the allegations contained in Paragraph 66. Plaintiff was not present at the time of closing.

67. Admit that Plaintiff chose to pay for the Association dues and that Plaintiff solely paid for the gutters added on to the home. Plaintiff had the gutters attached to the house one day while Defendant was at work; Plaintiff added the gutters without consultation with Defendant. Deny the remaining allegations in Paragraph 67.

68. Deny the allegations contained in Paragraph 68. When Plaintiff began spending significant amounts of time at Defendant's house, despite continuing to own his own house, Defendant asked Plaintiff to chip in for utilities, food, and other household expenses, which amounted to approximately $500/month.

69. Deny the allegations contained in Paragraph 69.

70. Admit that there was a Facebook event announcing a housewarming party, but deny that Defendant announced the party.

71. Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 71.

72. Admit that Defendant asked Plaintiff to surrender his key to the house and never come back; however, this was not done abruptly, but over the course of a few months. Defendant had been trying to end the relationship with Plaintiff for months, but Plaintiff refused to leave Defendant and her children alone until March 2014. Deny the remaining allegations in Paragraph 72. Defendant has never had Plaintiff's personal computer. When Defendant went to purchase an oven to match her refrigerator, Plaintiff insisted he could obtain an oven from his friend instead. Defendant thought this oven was a gift from the friend and was under the impression Plaintiff had received it for free.

73. Admit that Defendant has since sold the Stone Crest Home and realized a gain from it, but Defendant believes the gain was closer to $50,000 after costs. Defendant denies the remaining allegations in Paragraph 73.

74. Deny the allegations in Paragraph 74. Defendant was under the impression the oven was a gift as Plaintiff prevented Defendant from buying one and instead installed one he acquired from a friend.

75. Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 75.

76. Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 76.

77. Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 77.

78. Deny the allegations in Paragraph 78. Defendant had always intended to remain sole owner of the house and communicated this fact to Plaintiff.

79. Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 79.

80. Deny the allegations in Paragraph 80. Defendant made no representations regarding ownership to Plaintiff.

81. Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 81.

82. Deny the allegations in Paragraph 82, even though the allegations set forth legal conclusions to which no response is required.

83. Defendant lacks knowledge or information sufficient to admit or deny the value Plaintiff is claiming was converted, but denies the allegations that the property was actually converted.

84. Deny the allegations in Paragraph 84, even though the allegations set forth legal conclusions to which no response is required.

    a. Deny the allegations in Paragraph 84a, even though the allegations set forth legal conclusions to which no response is required.

    b. Deny the allegations in Paragraph 84b, even though the allegations set forth legal conclusions to which no response is required.

    c. Deny the allegations in Paragraph 84c, even though the allegations set forth legal conclusions to which no response is required.

    d. Deny the allegations in Paragraph 84d, even though the allegations set forth legal conclusions to which no response is required. Should the Court decide Plaintiff is entitled to an award of damages, the damages listed in Paragraphs 84a and 84d would essentially constitute double-dipping. Any improvements made to a house, in general, will increase the resale value. Plaintiff would not be entitled to the cost of the improvements he allegedly made, in addition to the increased value those improvements added to Defenfdant's home value. It would be one or the other.

    e. Deny the allegations in Paragraph 84e, even though the allegations set forth legal conclusions to which no response is required.

## PRAYER FOR RELIEF

Defendant Robin Fromille denies that Plaintiff is entitled to any of the relief requested because Defendant did not acquire the house or any personal property through

fraud or misrepresentation. Plaintiff has not provided any particular evidence that Defendant represented to Plaintiff that they would be purchasing a home together; nor has Plaintiff produced any evidence that Defedant intended to defraud Plaintiff.

## COUNT II – BREACH OF FIDUCIARY DUTY
## 11 USC 523(a)(4)

Defendant incorporates by reference Paragraphs 1-84 as if fully restated in this paragraph.

85. Deny the allegations in Paragraph 85 because they are untrue.

86. Deny the allegations in Paragraph 86 because they are untrue.

87. Deny the allegations in Paragraph 87 as untrue, even though the allegations set forth legal conclusions to which no response is required.

88. Deny the allegations in Paragraph 88 because they are untrue.

89. Deny the allegations in Paragraph 89 because they are untrue.

90. Deny the allegations in Paragraph 90, even though the allegations set forth legal conclusions to which no response is required.

    a. Admit Defendant secured title to the residence solely in her name, as was her stated intention the entire time;

    b. Deny the allegations in Paragraph 90b because they are untrue;

    c. Deny the allegations in Paragraph 90c because they are untrue;

    d. Deny the allegations in Paragraph 90d because they are untrue;

    e. Deny the allegations in Paragraph 90e because they are untrue;

    f. Deny the allegations in Paragraph 90f because they are untrue;

    g. Deny the allegations in Paragraph 90g because they are untrue;

91. Deny the allegations in Paragraph 91 (Plaintiff's Paragraph 36), even though the allegations set forth legal conclusions to which no response is required.

## PRAYER FOR RELIEF

Defendant Robin Fromille denies that Plaintiff is entitled to any of the relief requested because there were not facts alleged to establish a sufficiently close personal relationship, or an imbalance of power in the relationship, to give rise to a fiduciary relationship. Merely having a romantic relationship with someone is insufficient to give rise to a fiduciary relationship that the duties that would entail.

## AFFIRMATIVE DEFENSES

Defendant Robin Fromille, formerly known as Robin Krutel, through her attorneys Malinowski PLC, hereby states for its Affirmative Defenses as follows:

1. Plaintiff's claims are or may be barred by the applicable statute of limitations.
2. Plaintiff's claims are barred by the statute of frauds. MCL 566.106 requires any interest in land be contained in a deed or a writing evidencing such interest. No such writing or deed exists between Plaintiff and Defendant.
3. Plaintiff fails to state a claim upon which relief can be granted to the extent that the Debtor lacked the necessary actual intent to hinder, delay or defraud Plaintiff at any time prior to or during the purchase of her house.
4. Plaintiff fails to state a claim upon which relief can be granted because no fiduciary relationship existed between Plaintiff and Defendant, and, consequently, Defendant owed no fiduciary duties to Plaintiff.
5. Defendant reserves the right to add additional affirmative defenses as they may become known to it during the course of discovery.

## **DEFENDANT'S PRAYER FOR RELIEF**

Defendant denies Plaintiff's prayers for relief. Defendant prays for relief as follows:

1. The First Amended Complaint be dismissed with prejudice;

2. Defendant be awarded attorneys fees under FRBP 7008(b); and

3. Defendant be awarded such other relief as the Court deems just and equitable.

                                              MICHAEL M. MALINOWSKI PLC
                                              Attorneys for the Debtor and Defendant

Date: September 21, 2018                  By           /s/                   
                                                                 Michelle K. Burns (P77876)

                                              Business Address:
                                                 740 Alger Street, S.E.
                                                 Grand Rapids, Michigan 49507
                                                 616.475.4994