UNITED STATES BANKRUPTCY COURT
WESTERN DIVISION OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| In Re: | Case No. 17-00047 |
| ROBIN KRUTEL, | Chapter 7 |
|     Debtor. | HON. JAMES W. BOYD |
| _____/ | |
| KELLEY R. BROWN | Adversary Proceeding No: 17-80052 |
|     Plaintiff, | |
| V | |
| ROBIN FROMILLE, f/k/a ROBIN KRUTEL | |
|     Defendant. | |
| _____/ | |

Michelle K. Burns (P77876)  
MICHAEL M. MALINOWSKI PLC  
Attorneys for the Debtor and Defendant  
740 Alger Street SE  
Grand Rapids, Michigan 49507  
(616) 475-4994

Martin L. Rogalski (P 30548)  
MARTIN L. ROGALSKI, P.C.  
Attorney for Plaintiff  
1881 Georgetown Center Drive  
Jenison, Michigan 49428  
(616) 457-4410

---

**REPORT AND DISCOVERY PLAN**

Pursuant to Rule 7026 of the Federal Rules of Bankruptcy Procedure, incorporating Rule 26(f) of the Federal Rules of Civil Procedure, and this Court's First Pretrial Order, the parties to this case, through their respective counsel, jointly submit this Rule 26(f) Report and proposed Discovery Plan:

**I.   RULE 26(F) CONFERENCE**

Pursuant to Rule 26(f), the parties held a meeting on **October 5, 2018 at 1:00 p.m.,** which was attended via telephone by the following attorneys:

1

| | |
|---|---|
| Michelle K. Burns (P77876) | Martin L. Rogalski (P 30548) |
| MICHAEL M. MALINOWSKI PLC | MARTIN L. ROGALSKI, P.C. |
| Attorneys for the Debtor and Defendant | Attorney for Plaintiff |
| 740 Alger Street SE | 1881 Georgetown Center Drive |
| Grand Rapids, Michigan  49507 | Jenison, Michigan  49428 |
| (616) 475-4994 | (616) 457-4410 |

## II. RULE 26(a)(1)

Pursuant to Rule 26(a)(1), the parties agree to make initial disclosures by **October 26, 2018**.  The initial disclosures shall include any and all information, known by the parties, as required by Rule 26(a)(1)(A)(i) – (iv).

## III. SUBJECTS AND NATURE OF DISCOVERY

### A. DISCOVERY BY PLAINTIFF

Plaintiffs will need to conduct Discovery on (1) whether the Debtor-Defendant owes them a debt; (2) whether said debt is a non-dischargeable debt for fraud under 11 USC §523(a)(2)(A); (3) whether the Debtor-Defendant owes them a non-dischargeable debt for fraud or breach of fiduciary duty; (4) all affirmative defenses raised by Debtor-Defendant; and (5) damages.

### B. DISCOVERY BY DEFENDANT

Debtor-Defendant will need to conduct Discovery on (1) whether the Debtor-Defendant owes the Plaintiffs a debt; (2) whether said debt is a non-dischargeable debt for fraud under 11 USC §523(a)(2)(A); (3) breach of fiduciary duty and (4) damages.

## IV. DISCOVERY SCHEDULE

### A. TERM

Discovery in this Adversary Proceeding shall remain open until **January 18, 2019**.  Either party may request an extension of Discovery at the Second Pre-Trial meeting.

### B. DISCOVERY MOTIONS

Any Motion regarding Discovery shall be timely if filed before the close of Discovery.

**C. DISCOVERY REQUESTS**

The following limits are placed on Discovery:

1. A maximum number of 25 interrogatories by each party to any other party. Answers and objections to interrogatories are due within 30 days after being served. See Rule 7033.

2. A maximum number of 25 requests for admission by each party to any other party. A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney. See Rule 7036.

3. A maximum number of 4 depositions by Plaintiffs and 4 depositions by Defendant unless extended by agreement of the parties.

    a. Each Deposition is limited to a maximum of 4 hours, unless extended by agreement of the parties, and those 4 hours must all take place on the same calendar day.

    b. There shall be no more than two Depositions in one day.

**V. DISPOSITIVE MOTIONS**

Dispositive motions on the pleadings shall be filed on or before **January 11, 2019**. Any other dispositive motion, including a motion for summary judgment under Rule 56, shall be filed on or before **February 8, 2019**. Except as otherwise ordered by the Court, any response to a dispositive motion will be timely only if filed and served within 14 days after the motion is filed. The Court may rule on such motions without oral argument if, in the Court's opinion, oral argument is not necessary. The parties should draft their motion papers with this possibility in mind.

**VI. WITNESS DISCLOSURES AND EXHIBITS**

   **A. PRE-TRIAL DISCLOSURE**

The parties agree to, before trial, disclose witnesses in accordance with the following deadlines:

1. Plaintiffs agree to disclose all lay witnesses by **October 26, 2018**.
2. Debtor-Defendant agrees to disclose all lay witnesses by **October 26, 2018**.
3. The parties agree to disclose expert witnesses by **November 15, 2018**.

To the extent that a witness is found during discovery, Parties may amend Witness Disclosure and disclose the witness by **December 21, 2018**.

**B. TRIAL DISCLOSURE**

Within 30 days before trial, all parties shall:

1. Exchange copies of all exhibits they intend to introduce into evidence (the Court will not docket the proposed exhibits);
2. File an exhibit list with the Court; and
3. Transmit or deliver two sets of hard copies of all exhibits to the Court and provide a copy, at trial, for witnesses.

If a party's exhibit list contains more than ten exhibits, the party shall submit the exhibits in a bound exhibit booklet. The Plaintiff's shall identify exhibits as "Plaintiffs' Exhibits 1, 2, 3 etc; the Defendants shall identify the exhibits as "Defendants' Exhibits A, B, C etc." The Court may exclude any exhibit that a party fails to file in compliance with this Discovery Plan. The parties desire to prevent surprises at trial.

In the absence of written objections to proposed exhibits filed and served not later than 14 days after the Exhibit Deadlines, the Court will admit proposed exhibits into evidence at trial without the necessity of any further authentication; however, the parties, may at trial, object to an exhibit based upon hearsay or relevance or grounds other than authenticity, and may argue the weight of an exhibit.

**VII.    SETTLEMENT CONFERENCE**

Settlement cannot be evaluated prior to the close of Discovery.  Nevertheless, the parties' agree to a Settlement Conference with this Court to be held on **April 26, 2019**.  The parties will also explore the feasibility of mediation at the close of discovery.  The mere fact that the parties are negotiating, even if they are close to settling, does not excuse strict compliance with the schedule adopted by this Discovery Plan.

**VIII.    TRIAL**

This case should be ready for non-jury trial in Grand Rapids (One Division Avenue N., Grand Rapids, Michigan) in **June of 2019**.  The parties believe that this matter will take approximately one to two days to try.

**IX.    CONSENT TO FINAL JUDGMENT**

Plaintiff and Debtor-Defendant consent to this Court entering a final order and judgment on this Adversarial Proceeding.


Dated: October 5, 2018                /s/ Michelle K. Burns
                                      Michelle K. Burns (P77876)
                                      MICHAEL M. MALINOWSKI PLC
                                      Attorneys for the Debtor and Defendant
                                      740 Alger Street SE
                                      Grand Rapids, Michigan  49507
                                      (616) 475-4994


                                      /s/ Martin L. Rogalski
                                      Martin L. Rogalski (P 30548)
                                      MARTIN L. ROGALSKI, P.C.
                                      Attorney for Plaintiff
                                      1881 Georgetown Center Drive
                                      Jenison, Michigan  49428
                                      (616) 457-4410