UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF MICHIGAN
_____

In re:

                                         Case No.  BG 17-00047

ROBIN L. KRUTEL,                             Chapter 7

      Debtor.

_____/

KELLEY R. BROWN,

                                           Adversary Proceeding

      Plaintiff,                          No. 17-80052

-vs-

ROBIN THOMAS-KRUTEL
n/k/a ROBIN FROMILLE,

      Defendant.

_____/

**<u>ORDER DENYING DEFENDANT'S MOTION FOR ATTORNEY FEES</u>**

PRESENT:  HONORABLE JAMES W. BOYD
                   United States Bankruptcy Judge

After the conclusion of a bench trial at which she prevailed, Robin Thomas-Krutel (the "Debtor" or "Defendant") filed a Motion for Attorney Fees pursuant to 11 U.S.C. § 523(d) seeking an award of $7,808 in attorney fees against Kelley R. Brown (the "Plaintiff").    (AP Dkt. No. 95.)  The court has carefully reviewed the Debtor's motion, its prior bench opinion dismissing the Plaintiff's complaint, and the record in this adversary proceeding.  For the reasons set forth herein,[1] the Debtor's motion is denied.

Section 523(d) of the Bankruptcy Code provides:

If a creditor seeks a determination of dischargeability of a consumer debt under subjection (a)(2) of this section, and such debt is discharged, the court shall grant judgment in favor of the debtor for the costs of, and reasonable attorney fees for, the proceeding if the court finds that the position of the creditor was

_____

[1]      This order constitutes the court's findings of fact and conclusions of law regarding the Debtor's motion, in accordance with Fed. R. Civ. P. 52(a) (made applicable to this proceeding by Fed. R. Bankr. P. 7052) and Fed. R. Civ. P. 54(d)(2) (made applicable to this proceeding by Fed. R. Bank. P. 7054(b)(2)).

not substantially justified, except that the court shall not award such costs and fees if special circumstances would make the award unjust.

11 U.S.C. § 523(d).

Here, the Debtor obviously prevailed in the adversary proceeding, for the reasons set forth on the record in the court's bench opinion, and any debt that may have been owed by the Debtor to the Plaintiff has been discharged.   The court finds, however, that the position taken by the Plaintiff's in support of his nondischargeability complaint was substantially justified.

A creditor's position will be deemed "substantially justified" if it has: (1) a reasonable basis in law for the theory it propounds; (2) a reasonable basis in truth for the facts alleged; and (3) a reasonable connection between the facts alleged and the legal theory advanced. *Davis v. Melcher (In re Melcher)*, 322 B.R. 1, 5 (Bankr. D.D.C. 2005) (citations omitted). When determining whether a plaintiff's position was substantially justified, the court considers the totality of the circumstances. *Colabianchi v. Thomas (In re Thomas)*, 258 B.R. 167, 169 (Bankr. N.D. Ohio 2001).

The Plaintiff met the requirements for substantial justification here.   The Plaintiff's claim that the Debtor used false pretenses to give him the impression that he would be a co-owner of the home and that she misrepresented her intention of adding him to the title to the home, in order to induce him into making contributions toward the construction of the home, certainly falls within the ambit of fraud under § 523(a)(2).   The Plaintiff's testimony also demonstrated that there was a reasonable basis in truth for the facts he alleged in support of his fraud claim.  Although the Plaintiff's testimony often conflicted with the testimony given by the Debtor, the court found that the Plaintiff was generally credible in recounting the facts as he recalled them.  Last, there was a reasonable connection between the facts alleged by the Plaintiff and his false pretense theory.  As the court noted in its bench opinion, both the Plaintiff and the Debtor provided credible testimony and a credible explanation of what occurred in their relationship concerning the home.  The Plaintiff brought his claims in good faith and has not engaged in abusive practices in the litigation.   At bottom, although the Plaintiff's position was credible and reasonable, and substantially justified for purposes of 11 U.S.C. § 523(d), he was unable to meet his burden of proof to establish, by a preponderance of the evidence, that the Debtor defrauded him under § 523(a)(2) (or breached a fiduciary duty to him under § 523(a)(4)).  Because the Plaintiff's fraud claim was substantially justified, the requirements of § 523(d) have not been met and the Defendant is not entitled to an award of attorney's fees in this adversary proceeding.

NOW, THEREFORE, IT IS HEREBY ORDERED that the Defendant's Motion for Attorney Fees is DENIED.

IT IS FURTHER ORDERED that the Clerk shall serve a copy of this order pursuant to Fed. R. Bankr. P. 9022 and LBR 5005-4 upon Nicholas S. Laue, Esq., attorney for the Plaintiff, and Michael M. Malinowksi, Esq., attorney for the Defendant.

**IT IS SO ORDERED.**

**Dated September 16, 2019**



James W. Boyd
United States Bankruptcy Judge